CARAWAY, J.,
dissenting.
hi respectfully dissent. Dr. McPherson’s expert testimony did address the opportunity for the child’s rehabilitation which is the factor at issue under La. Ch. C. art. 862. Indicating that Article 862 was not followed, the majority determines that Dr. McPherson “failed to assess the legally relevant issue” of recidivism. Article 862 speaks only in terms of the “opportunity for the child’s rehabilitation,” and any review of that opportunity would necessarily involve consideration of recidivism. As the only mental health expert to testify, Dr. McPherson’s testimony cannot be discarded by this twist of the legal standard. Moreover, any reliance on this court’s ruling in Davis overlooks the important distinction of that case. In Davis, the juvenile court employed its discretion and transferred the youth to the district court for prosecution. That same discretion is now rejected by the majority. Thus, there is no legal deficiency in the analysis employed by Dr. McPherson, no contrary expert opinion by the state, and no abuse of the juvenile court’s discretion.
CARAWAY, J., dissents with written reasons.
APPLICATION FOR REHEARING
Before BROWN, GASKINS, CARAWAY, PEATROSS and MOORE, JJ.
Rehearing denied.
CARAWAY, J., would grant rehearing.